

Cite as 2017 Ark. App. 584

# ARKANSAS COURT OF APPEALS
### DIVISION II
**No.** CV-16-992

| | |
|---|---|
| LUETTA DAWSON<br><br>APPELLANT<br><br>V.<br><br>RAY DAWSON, JR.<br><br>APPELLEE | **Opinion Delivered:** November 8, 2017<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54PR-06-198]<br><br>HONORABLE KATHLEEN BELL, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

This appeal stems from a probate case that was initially opened in 2007 and dismissed in 2011. The Phillips County Circuit Court reopened the case in January 2016 pursuant to a request by appellant, Luetta Dawson. She appeals from the circuit court's subsequent order setting aside and vacating its order reopening the estate and its order of partial distribution of an asset. We affirm.

Appellant's husband, Ray H. Dawson, died on June 11, 2006. On December 29, 2006, appellant filed a petition to probate his will and to appoint her as personal representative, and the circuit court entered an order admitting the will to probate and appointing her executrix on January 8, 2007. In January, notices were published in a local newspaper, and two claims were filed against the estate on February 1, 2007: one on behalf of Helena National Bank in the amount of $180,010.38 and one by Fuller Seed, Inc., in the amount of $15,648.57. The record contains no other pleadings or orders until 2011.

On September 16, 2011, the circuit court entered a "Notice of Rule 41(b)" stating that certain cases, listed in an attachment to the notice, were subject to dismissal pursuant to Rule 41(b) of the Arkansas Rules of Civil procedure for no action having been taken in the cases for over twelve months. The notice stated that any case not scheduled for trial within thirty days "will be dismissed unless, by written order, the case is allowed to remain open." The notice then stated that the cases listed in the "Attachment" will be "dismissed on October 28, 2011, unless they are allowed to remain on the active docket by court order." The record does not contain the "Attachment" listing the cases. But appellant's attorney responded to the Rule 41(b) notice on September 30, 2011, requesting that his cases be left on the docket because there were "undetermined matters in process, which are necessary before the Estates are closed." He listed seven cases, including "Ray H. Dawson, Estate, No. PR–2006-198."

After 2011, the record contains no pleadings, orders, or documents until January 5, 2016. On that date, appellant filed a petition to reopen the estate, explaining that the estate had been "closed under Rule 41(b) on September 30, 2011, because of inactivity," that appellant's attorney had retired, and that appellant had discovered an asset—an LLC solely owned by the decedent—that should be distributed. Appellant also filed a petition for partial distribution stating that she was the individual distributee under the decedent's will and requesting that the court distribute all his interest in the asset to her. The court entered two orders on January 5, 2016: one reopening the estate and one distributing all of decedent's interest in the LLC to appellant under the decedent's will.

On February 26, 2016, appellee, Ray Dawson, Jr., the son of the decedent, filed a motion to vacate the orders reopening the estate and distributing decedent's interest in the LLC, contending that the orders were void because the court did not have jurisdiction over the matter. He alleged that, after the estate was opened in 2006, notice was published in the newspaper[1] and claims were filed against the estate but that the estate had never been administered and no action had been taken to probate the will and distribute the assets in the estate. He alleged that the case was dismissed pursuant to Rule 41(b), effective as of October 28, 2011, and that no appeal had been taken from that dismissal. According to appellee, Arkansas Code Annotated section 28-53-119 allows an estate to be reopened only after the estate "has been settled and the personal representative discharged." He argued that the estate had never been settled and the personal representative had not been discharged; rather, he stated, the case had been dismissed. Therefore, he argued, the probate court had no jurisdiction to reopen the estate pursuant to the probate code. Further, he alleged that the five-year statute of limitations for admitting a will to probate had run when appellant petitioned to reopen the estate. *See* Ark. Code Ann. § 28-40-103(a). He concluded by arguing that the circuit court had no jurisdiction over the parties because he had never been served by mail or any other manner as required by Ark. Code Ann. § 28-1-112, the executor failed to follow the procedures set forth in the probate code, and the matter had been dismissed for more than a year and the statute of limitations had run.

---

[1]He contends that, although he was listed by name and address in the original petition for probate of the will and appointment of personal representative, he was never served with notice of the proceedings and had no knowledge of them.

After holding a hearing on the motion, the circuit court entered an order on March 31, 2016, finding that it had no jurisdiction to enter the orders reopening the estate and distributing the asset. It granted appellee's motion to set aside and vacate the orders, finding that the case had been dismissed on October 28, 2011, and appellant had not refiled or reopened the estate within one year from that date. The court also found that an estate may be reopened under Ark. Code Ann. § 28-53-119 only after the estate has been settled and the personal representative discharged. Because this estate had not been settled and the personal representative discharged, the requirements under the code had not been met to authorize reopening the estate.

We review probate proceedings de novo but will not reverse the decision of the probate court unless it is clearly erroneous. *Seymour v. Biehslich*, 371 Ark. 359, 266 S.W.3d 722 (2007). A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left on the entire evidence with the firm conviction that a mistake has been committed. *Estate of Taylor v. MCSA, LLC*, 2013 Ark. 429, at 3, 430 S.W.3d 120, 122. Furthermore, while we will not reverse the circuit court's factual determinations unless they are clearly erroneous, we are free in a de novo review to reach a different result required by the law. *Id.*

For her first argument, appellant contends that the circuit court should not have dismissed the case under Rule 41(b) in 2011. She argues that the notice in the record failed to include the attachment listing the cases for dismissal, that the record fails to show who was notified and no proof of service was filed regarding the Rule 41(b) certificate, and that the court failed to make any findings on her attorney's request for the case to remain on the

SLIP OPINION

active docket. Appellant neither appealed from the 2011 dismissal of the case nor filed a motion to set aside or vacate the dismissal, and it is too late now to argue that the circuit court erred in dismissing it. *See* Ark. R. App. P.–Civ. 4 (requiring notice of appeal to be filed within 30 days from entry of the order appealed).

She also argues that the court erred in setting aside the order reopening the estate under Ark. Code Ann. § 28-53-119 because there was a newly discovered asset and "just cause" for reopening the estate. Arkansas Code Annotated section 28-53-119 allows the probate court to reopen an estate in certain circumstances. Specifically, it provides:

> If, *after an estate has been settled and the personal representative discharged*, other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of any person interested in the estate and without notice or upon such notice as it may direct, may order that the estate be reopened.

Ark. Code Ann. § 28-53-119(a)(1) (Repl. 2012) (emphasis added). The statute authorizes reopening of an estate that "has been settled and the personal representative discharged." Here, as the court found, the estate was dismissed for failure of the executrix to administer the estate. It was not settled, and the personal representative was not discharged. Therefore, section 119 does not apply here.

Finally, appellant contends that because the five-year statute of limitations has run for admitting a will to probate and the court found the estate could not be reopened, the decedent is deemed to have died intestate. She argues that public policy does not favor intestacy when a will exists. However, this issue is not before us. The circuit court made no findings regarding distribution of the decedent's assets, nor did the court find that the

decedent had died intestate. The circuit court simply vacated its orders reopening the estate and distributing the asset on the basis that it had no jurisdiction to enter those orders.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Schieffler Law Firm*, by: *Edward H. Schieffler*, for appellant.

*Andrea Brock*, for appellee.